IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

IN RE: PAUL KNOX AND LISA HAMMONS, Debtors            No. 3:16-bk-72589
                                                      Ch. 12

PRODUCE EXCHANGE NO. 299                                   PLAINTIFF

v.                              3:17-ap-7015

PAUL KNOX, LISA HAMMONS, STEPHEN HAMMONS          DEFENDANTS

## OPINION AND ORDER

Before the Court is the *Complaint to Determine Validity, Priority and Extent of Lien* filed by Produce Exchange No. 299 [Produce Exchange] on March 3, 2017, and the *Objection to Claim of Stephen Hammons (Claim 9)* also filed by Produce Exchange on March 3, 2017.  Stephen Hammons filed his *Answer of Defendant, Stephen Hammons* on April 3, 2017, along with his *Response to Creditor's Objection to Claim* on the same date.  The debtors filed their *Answer of Separate Defendant Paul Arden Knox and Lisa Ann Hammons to Plaintiff's Complaint to Determine Validity, Priority and Extent of Lien* on April 3, 2017.  The Court heard the objection to claim, complaint, and respective answers and responses on October 31, 2017, and at the conclusion of trial, took the matter under advisement.  For the reasons stated below, the Court sustains Produce Exchange's objection to Stephen Hammons's claim and disallows Stephen Hammons's February 23, 2017 claim [no. 9] as a secured claim.  Stephen Hammons claim is allowed as an unsecured claim in the amount of $39,941.02, which amount does not include the $14,058.98 that Stephen Hammons received based on an alleged security interest as the result of a "crop lien."  Produce Exchange also requested the Court find that its lien in crop proceeds was superior to Stephen Hammons; however, Produce Exchange produced no evidence to the Court that it supplied any product to the debtors that would have allowed it to have a lien on the 2015 Arkansas crop.  Accordingly, the Court denies that portion of Produce Exchange's complaint.

EOD: November 22, 2017

The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K). The following opinion constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

The facts presented to the Court are not complicated. The debtors' current bankruptcy case is the third case filed by the debtors since September 2015 and the proceeds that are the subject of the alleged security interests and liens in this third case were received by the debtors during their first case. The debtors filed their first bankruptcy case on September 2, 2015. In November 2015 and again in December 2015, the debtors received a total of approximately $14,000.00 as payment for crops grown during 2015–crop proceeds. The two checks for these proceeds were issued by ADM Processing and made out jointly to the separate debtor Paul Knox and Producers Exchange #299 [sic]. On the face of each check in bold is written: VOID AFTER 90 DAYS. According to the parties, these proceeds were allegedly subject to the competing liens of Stephen Hammons–based on a landlord's crop lien under Arkansas Code Annotated § 18-41-101–and Produce Exchange–based on a Security Agreement and related UCC filing. Stephen Hammons filed a proof of claim in the debtors' first case in the amount of $54,000.00. The debtors' first case was dismissed on April 12, 2016.

Before discussing briefly the debtors' second case, the Court will address and dispose of Produce Exchange's alleged lien on the 2015 crop proceeds. The debtors entered into the Security Agreement giving rise to the lien on May 1, 2014. The agreement secured the principal sum of $80,000.00. In exchange, the debtors granted Produce Exchange a security interest in all crops growing, grown, or to be grown–without reference to a specific growing season–along with all crop input products (seeds, fertilizer, chemicals) that were delivered by Produce Exchange. The witness for Produce Exchange testified that the last time Produce Exchange sold or delivered product to the debtors was for the summer 2014 growing season. He also testified that Produce Exchange could not say for sure that any input products it supplied for the 2014 growing season were used by the

debtors in 2015. According to the separate debtor Paul Knox, the debtors did not use any product sold or delivered by Produce Exchange in 2015. Without more, the Court finds that Produce Exchange does not have a lien on the proceeds from the debtors' 2015 Arkansas crop.

On April 14, 2016, two days after their first case was dismissed, the debtors filed their second bankruptcy case. To the extent Stephen Hammons had a lien on the 2015 crop to secure his rent payment, which was due on December 31, 2015, that lien expired on June 30, 2016, during the pendency of the debtors' second case. *See Bank of McCrory v. Morrison* (*In re James*), 368 B.R. 800, 804 (Bankr. E.D. Ark. 2007) (landlords' lien under Ark. Code Ann. § 18-41-101 must be foreclosed within six months after the rent is due or it lapses); Ark. Code Ann. § 18-41-101(b)(2) ("The lien shall continue for six (6) months after the last installment or rent under the rental agreement becomes due and payable, and no longer."). Stephen Hammons filed a proof of claim in the debtors' second case in the amount of $54,000.00. The debtors' second case was dismissed on August 22, 2016.

On September 19, 2016, the attorney representing Stephen Hammons wrote to ADM Processing and returned the two crop proceed checks that were issued in November and December 2015, well after the "VOID AFTER 90 DAYS" referenced on the face of the checks. He requested that the checks be reissued payable only to Stephen Hammons pursuant to Stephen Hammons's alleged landlord lien: "Pursuant to A.C.A. § 18-41-101 and the lease agreement between Mr. Hammons and Mr. Knox, Mr. Hammons has a first priority lien on the funds owed Mr. Knox by your company." ADM Processing issued a check payable to Stephen Hammons for approximately $14,000.00 on September 21, 2016. (Pl's Ex. J, Br. in Supp. of Mot. Partial Summ. J. [doc. 8].) The debtors filed their third case–the current case–on October 31, 2016, and Stephen Hammons filed a proof of claim in this case in the approximate amount of $40,000.00.

The parties' arguments also appear to be straightforward. Produce Exchange argues that Stephen Hammons does not have a secured claim in the debtors' bankruptcy case because

3

(1) Stephen Hammons's alleged crop lien statutorily expired in June 2016, prior to the filing of the debtors' third case, and (2) the "farm and equipment leases two separate leases treated as one [sic]" attached to Stephen Hammons's proof of claim does not grant a lien to Stephen Hammons and does not create a security interest. Stephen Hammons argues that he had a valid crop lien at the time the two checks were issued by ADM Processing and it was only because Produce Exchange did not endorse the checks over to him that the crop lien may have been defeated.[1]

The Court finds that to the extent Stephen Hammons had a lien on the debtors' 2015 crop proceeds, that lien expired on June 30, 2016. The Arkansas crop lien statute is self-executing. It states that "[e]very landlord *shall have a lien* upon the crop grown upon the demised premises in any year for rent that shall accrue for the year." Ark. Code Ann. § 18-41-101(a) (emphasis added). The debtors rented 315 acres from Stephen Hammons for five years–from January 2014 to January 2019–to be paid annually by December 31 each year. Proceeds from crops that were grown on this acreage during 2015 would have

---

[1] Stephen Hammons further asserts the validity of his agricultural lien in his *Response to Creditor's Objection to Claim*, in which he states that the "claim of Movant is based on a UCC filing renewal dated 10/16/2015 while case 3:15-BK-72248 was pending." However, the purported UCC financing statement was erroneous for multiple reasons.

A person may file an initial financing statement only if (1) the debtor authorized the filing in an authenticated record, or (2) the person holds an agricultural lien that has become effective at the time of filing and the financing statement covers only collateral in which the person holds an agricultural lien. Ark. Code Ann. § 4-9-509. None of the documents provided by the debtors or Stephen Hammons present evidence of an authenticated record authorizing the filing of the financing statement. The debtors entered into two separate lease agreements with Stephen Hammons, one for the lease of farm equipment and one for the lease of land. Neither agreement created a security interest in the debtors' crops. Further, because the crop lien had already statutorily expired, there was no "agricultural lien" in effect at the time of filing.

In fact, despite Stephen Hammons calling the lien an "agricultural lien" in the UCC filing, based presumably on the crop lien, there never was an agricultural lien against the debtors. An agricultural lien is defined as "an interest, *other than* a security interest or a landlord's lien under § 18-41-101 . . . ." Ark. Code Ann. § 4-9-102(a)(5) (emphasis added). Stephen Hammons's lien arose under section 18-41-101.

been subject to Stephen Hammons's statutory crop lien and would have had priority over all other security interests or agricultural liens: "The lien is *perfected* and shall have priority over a conflicting security interest . . . ." Ark. Code Ann. § 18-41-101(b)(1) (emphasis added). According to the statute, Stephen Hammons did not have to take any further action to perfect his lien in the proceeds; the statute is self-executing. However, along with the superior lien rights given to landlords comes a requirement to act. The statute continues: "The lien shall continue for six (6) months after the last installment or rent under the rental agreement becomes due and payable, *and no longer*.") Ark. Code Ann. § 18-41-101(b)(2) (emphasis added). Stephen Hammons's lien expired on June 30, 2016.

Stephen Hammons argues that it was error to include Produce Exchange on the two checks and that Produce Exchange should not be allowed to benefit from its actions at some later date. The Court cannot ascertain any benefit to Produce Exchange in this instance. The Court has already found that Produce Exchange did not have a lien on the crop proceeds. And Stephen Hammons did not explain why he waited nine months after the second check was issued to even request that ADM Processing re-issue the checks.[2] As soon as the request was made, ADM Processing re-issued the check promptly.[3]

---

[2] This was also three months after the crop lien had statutorily expired and one month after the debtors' second bankruptcy case was dismissed. Even though the debtors were protected by the automatic stay for all but two days during the six-month lien period, Stephen Hammons could have moved for the Court to lift the stay to allow him to foreclose his lien at any time during that period.

[3] The Court notes that § 108(c) of the bankruptcy code does not provide relief for Stephen Hammons either. Section 108(c) states, in applicable part, that
> if applicable nonbankruptcy law . . . fixes a period for *commencing or continuing* a civil action in a court other than a bankruptcy court on a claim against the debtor . . . and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of–
>> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>> (2) 30 days after notice of the termination or expiration of the stay . . .

Finally, the Court finds that Stephen Hammons does not have a secured claim based on an alleged security interest granted by the "farm and equipment leases" attached to his proof of claim. The Court cannot locate any grant of a lien in the pages attached to Stephen Hammons's proof of claim. If the debtors wish to reject the lease, Stephen Hammons may have an unsecured claim in accord with § 502(b)(6).

In sum, the Court finds that Produce Exchange does not have a lien on the proceeds from the debtors' 2015 Arkansas crop and denies that part of Produce Exchange's complaint. Further, the Court finds that Stephen Hammons's lien on the proceeds from the debtors' 2015 Arkansas crop expired on June 30, 2016, and that Stephen Hammons had no other lien on the proceeds from the debtors' 2015 Arkansas crop that were paid to Stephen Hammons in September 2016. Finally, the Court sustains Produce Exchange's objection to the secured claim of Stephen Hammons and finds that Stephen Hammons does not have a secured claim in the debtors' current bankruptcy but does have an unsecured claim in the amount of approximately $40,000.00.

IT IS SO ORDERED.

                                                                             */s/ Ben Barry*
                                                                             Ben Barry
                                                                             United States Bankruptcy Judge

cc:    Stanley V. Bond                              Dated: 11/22/2017
       Rick E. Watson
       Travis W. Story
       Renee Williams, chapter 12 trustee
       U.S.T.

---

with respect to such claim.
11 U.S.C. § 108(c) (emphasis added). In this instance, the Arkansas statute is self-executing and there is no period of time for commencing or continuing a civil action; the landlord "shall have a lien" and the "lien is perfected." No further action is required of the landlord other than to enforce his lien rights.